```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
```
CHRISTOPHER E. JAMES,

        Plaintiff,                  **MEMORANDUM & ORDER**

                                          22-cv-1404(KAM)

    -against-


THE STATE OF NEW YORK; MS. MCINTOSH,
Superintendent of Clinton
Correctional Facility,

        Defendants.

```
-------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

    Plaintiff Christopher E. James, currently incarcerated at Marcy Correctional Facility,[1] brings this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed.

## BACKGROUND

    Plaintiff brought this action on March 11, 2022, in connection with his 2018 Suffolk County conviction, alleging violations of his constitutional rights under the 6th and 14th Amendment.

---

[1] At the time of filing Plaintiff was being held at the Clinton Correctional Facility but it appears that Plaintiff is presently being held at Marcy Correctional Facility. *See* New York State Department of Corrections and Community Supervision Inmate Lookup: http://nysdoccslookup.doccs.ny.gov (last visited February 1, 2024).

1

Plaintiff argues that he was, "retried after a mistrial in violation of my 'Due Process' right to a speedy public trial. This caused 'Great Anxiety' and 'Impairment' to [his] defense, resulting in a[] 'conviction.'" (ECF No. 1, Complaint ("Compl."), at 6.) Plaintiff seeks $20 million in damages and to be transferred to a federal prison facility. (*Id.* at 8.) Prior to filing the instant action, on February 28, 2022, Plaintiff filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging claims that substantially overlap with the instant action. (*See James v. Macintosh*, 22-cv-1120 (KAM), ECF No. 1.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

2

(per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Notwithstanding the above, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where the reviewing court is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

## DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting 42 U.S.C. § 1983). "Thus, to state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting

3

under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)).

### 1. Claims Against the State of New York

To the extent Plaintiff seeks to bring claims against the State of New York, his claims cannot proceed because "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Thus, Plaintiff's claims against the State of New York are dismissed. *See* 28 U.S.C. § 1915A(b).

### 2. Claims Against the Superintendent

Plaintiff's claims against Ms. McIntosh, the Superintendent of Clinton Correctional Facility, must also be dismissed. Plaintiff names Ms. McIntosh as a defendant in the caption of the complaint and in the list of defendants in the body of his complaint, but Plaintiff fails to set forth any factual allegations against her. "[W]here a plaintiff names a defendant in the caption, but the complaint contains no substantive allegations against the defendant, dismissal of the complaint as to that

4

defendant is appropriate." *Hobbs v. Dep't of Transp. N.Y.C.*, No. 20-cv-512 (CM), 2020 WL 1140794, at *3 (S.D.N.Y. Mar. 6, 2020) (citing *Iwachiw v. New York State Dept. of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004), *aff'd*, 396 F.3d 525 (2d Cir. 2005)); *see also Clay v. Lee*, No. 13-cv-7662 (KMK), 2019 WL 1284290, at *4 (S.D.N.Y. Mar. 20, 2019) (collecting cases where complaints were dismissed for failure to contain any allegations regarding an individual defendant named in the caption).

Furthermore, "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (internal quotation marks and citation omitted). A plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). "[L]iability for supervisory government officials cannot be premised on a theory of *respondeat superior* because § 1983 requires individual, personalized liability on the part of each government defendant." *Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014). The Second Circuit has further explained that "there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609,

5

618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). Thus, "the violation must be established against the supervisory official directly." *Id*. As Plaintiff's claims fail to allege the personal involvement of Ms. McIntosh, the claims fail as a matter of law, cannot proceed, and are dismissed. *Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010); *see* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

### 3. Favorable Termination Rule

Plaintiff's claims are also barred by the favorable termination rule set forth in *Heck v. Humphrey,* 512 U.S. 477 (1994) which holds that a state prisoner's § 1983 action is barred, no matter the relief sought (damages or equitable relief) if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Id.* at 487; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). To the extent Plaintiff seeks to argue that he is being illegally held based on a violation of his constitutional rights, his claims call into question the validity of his conviction and because his conviction has not been overturned or otherwise invalidated, the favorable termination rule bars these § 1983 claims. *Heck,* 512 U.S. at 487. Furthermore, the Court notes that Plaintiff's allegations regarding violations of his right to a speedy trial and against double jeopardy have already been considered, and rejected, by this court in his petition for a writ of habeas corpus. (*See James v. Macintosh,*

6

22-CV-1120, ECF No. 43, Memorandum and Order Denying Petition for a Writ of Habeas Corpus.)

### 4. Prison Housing

Plaintiff seeks to be transferred to a federal prison facility, but this Court cannot grant such relief as it is the New York State Department of Corrections and Community Supervision ("DOCCS") that determines where Plaintiff will be housed during his period of incarceration. *See Meachum v. Fano*, 427 U.S. 215, 229 (1976) ("[t]he federal courts do not sit to supervise state prisons, the administration of which is [of] acute interest to the States") (citations omitted); *see also Olim v. Wakinekona*, 461 U.S. 238, 248-49 (1983) (inmates have no right to be confined in a particular state or particular prison within a given state); *Montanye v. Haymes*, 427 U.S. 236, 243 (1976) (deciding that New York state prisoners have no right to incarceration at a particular prison facility); *Tolliver v. Jordan*, No. 19-CV-11823 (PMH), 2021 WL 2741728, at *8 (S.D.N.Y. July 1, 2021) ("Inmates . . . have no right to be housed in a correctional facility of their choosing."). Thus, Plaintiff's claim seeking to be transferred to federal custody is dismissed for failure to state a claim.

### 5. Release from Custody

Finally, the Court notes that to the extent Plaintiff seeks to be released from custody, that is also not a remedy which this Court has the authority to grant in a § 1983 action. *See Preiser*

7

*v. Rodriguez*, 411 U.S. 475, 499 (1973) (a petition for habeas corpus is the exclusive means for seeking the relief of immediate release from prison; such relief is not cognizable under § 1983); *see also Harvey v. Queens County Dist. Att'y*, No. 18-CV-5373 (MKB), 2020 WL 837357, at *3 (E.D.N.Y. Feb. 20, 2020) ("to the extent he seeks release from prison, Plaintiff cannot utilize a section 1983 claim but must instead bring a petition for habeas corpus pursuant to 28 U.S.C. § 2254"). As noted previously, Plaintiff submitted a petition for a writ of habeas corpus prior to commencing the instant case, which this Court has denied. (*See James v. Macintosh,* 22-cv-1120, ECF No. 43, Memorandum and Order Denying Petition for a Writ of Habeas Corpus.) Plaintiff's claim seeking release from custody is dismissed for failure to state a claim.

6. **Dismissed Lawsuit under Prison Litigation Reform Act Constitutes a "Strike"**

Under the Prison Litigation Reform Act ("PLRA"), "prisoner-litigants granted in forma pauperis status must pay the full amount of the filing fee to the extent they can afford to, as measured by the funds in their prison accounts." *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010) (citing 28 U.S.C. § 1915(b)(1)). "The fees are paid through periodic debits from the plaintiff's prison account, which are forwarded to the court by the custodial agency." *Id.* (citing 28 U.S.C. § 1915(b)(2)). "There is an exception to the PLRA's payment structure: Prisoner-plaintiffs who

8

have accumulated three strikes are prohibited by the PLRA from bringing further actions or appeals *in forma pauperis*." *Id.* (citing 28 U.S.C. § 1915(g)).  The full text of the provision is as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  "When a prisoner-plaintiff satisfies the imminent danger exception, the suit continues as if the plaintiff did not have three strikes." *Harris*, 607 F.3d at 21.

Plaintiff's complaint fails to allege or identify any conduct, committed by a person acting under color of state law, that "deprived [plaintiff] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).  Accordingly, because Plaintiff's complaint failed to state a claim upon which relief may be granted, it constitutes a strike pursuant to 28 U.S.C. § 1915(g).  To determine whether this strike constitutes Plaintiff's third "strike" under the PLRA based on the dismissal of two prior actions by Plaintiff, the Court will examine the grounds upon which Plaintiff's prior suits brought as a prisoner were dismissed.

9

Judge Bianco previously dismissed, *sua sponte*, one of plaintiff's prior § 1983 actions, against Suffolk County and the "S.C. Homicide Section," in *James v. Suffolk County et al.*, No. 18-CV-2826 (JFB), pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failing to state a claim on which relief may be granted.  2018 WL 10162136, at *4 (E.D.N.Y. Oct. 11, 2018).  The Second Circuit affirmed the district court's dismissal of the action on May 9, 2019, and noted that plaintiff's appeal "lack[ed] an arguable basis either in law or in fact." *James v. Suffolk County et al.*, No. 18-CV-2826 (JFB)(GRB) (ECF No. 27).  Because Judge Bianco expressly stated that Plaintiff's claims were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) ("fails to state a claim on which relief may be granted"), his dismissal of Plaintiff's prior action constitutes Plaintiff's first "strike" for purposes of the PLRA.  *See* 28 U.S.C. § 1915(g).

Subsequently, this Court dismissed, *sua sponte*, a second § 1983 action by Plaintiff, against the State of New York, in *James v. New York*, No. 20-CV-3500 (KAM), for failing to state a claim on which relief may be granted.[2]  2020 WL 5043937, at *2 (E.D.N.Y. Aug. 26, 2020).  No appeal followed.  This Court noted in the opinion dismissing Plaintiff's claim that "the instant dismissal constitutes a "strike" under the Prison Litigation Reform Act."

---

[2] Pursuant to 28 U.S.C. § 1915(g), this Court's dismissal of Plaintiff's subsequent action constituted a second strike for purposes of the PLRA.

10

*Id.* at *1 (citing 28 U.S.C. § 1915(g)). Accordingly, this Court's dismissal in that action constituted Plaintiff's second "strike," and the dismissal of the instant action constitutes Plaintiff's third "strike."

As noted by the United States Supreme Court, the very purpose of the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), is "to filter out the bad claims and facilitate consideration of the good." *Coleman v. Tollefson*, 575 U.S. 532, 539 (2015). The "three strikes" provision was designed to mitigate unnecessary waste and diversion of the court's finite resources, which detracts from the court's attention to potentially meritorious claims. *See Ortiz v. McBride*, 380 F.3d 649, 658 (2d Cir. 2004) ("the purpose of the PLRA . . . was plainly to curtail what Congress perceived to be inmate abuses of the judicial process").

Here, it was not proper for plaintiff to have commenced the instant action, purportedly invoking 42 U.S.C. § 1983, but identifying no violative conduct by an individual acting under color of state law that allegedly has deprived plaintiff of his constitutional rights. Rather, plaintiff appears to have filed the present lawsuit for the express purpose of requesting that this court grant the ultimate relief he seeks in plaintiff's separate habeas action, *James v. Macintosh,* No. 22-CV-1120 (KAM), which involves his § 2254 habeas petition.

11

Plaintiff, who has filed numerous separate actions *in forma pauperis* in this court, generally involving the same underlying facts, was previously advised that the filing of a frivolous lawsuit and/or a lawsuit that fails to state a cognizable claim, counts as a "strike" pursuant to the PLRA, 28 U.S.C. § 1915(g). *James v. New York*, 2020 WL 5043937, at *3. As discussed above, the dismissal of this action shall constitute Plaintiff's third "strike" under the PLRA. Therefore, Plaintiff will be barred from commencing any further civil actions as a prisoner proceeding *in forma pauperis*, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Coleman*, 575 U.S. at 535-36.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. The dismissal of this action constitutes a third "strike" under the PLRA, 28 U.S.C. § 1915(g). Thus, Plaintiff is barred from commencing any further civil actions as a prisoner proceeding *in forma pauperis*, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Coleman*, 575 U.S. at 535-36.

In light of its duty to liberally construe *pro se* complaints, the Court has considered whether to grant Plaintiff leave to amend

12

his complaint but finds that amendment would be futile.[3] *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("Where a proposed amendment would be futile, leave to amend need not be given.")

The Clerk of Court is respectfully directed to enter judgment and close this case. The Clerk of Court is further directed to update Plaintiff's address on the docket to Marcy Correctional Facility and to send a copy of this Memorandum and Order and the judgment to Plaintiff at that address, and note service on the docket by February 2, 2024.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**

Dated:   February 1, 2024
         Brooklyn, New York

/s/ Kiyo A. Matsumoto

**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

---

[3] Plaintiff was on notice before he filed this action that his claims were not cognizable because essentially the same claims were previously dismissed in two separate actions - James v. New York, No. 20-CV-3500 (KAM) and James v. Suffolk County et al., No. 18-CV-2826 (JFB). *See Milner v. New York*, No. 19-CV-11854 (CM), 2020 WL 419311, at *2 (S.D.N.Y. Jan. 27, 2020) (declining to grant leave to amend as futile where the Court had previously dismissed the same claims in a prior action).

13